No. 46,494

COMMUNITY ANTENNA TELEVISION OF WICHITA, INC., *Appellee*, v. CITY OF WICHITA, KANSAS, a municipal corporation, THE BOARD OF COMMISSIONERS thereof: WILLIAM ANDERSON, Mayor; A. PRICE WOODARD, WALT KEELER, CLARENCE VOLLMER, DONALD ENOCH and RALPH EBERLY, City Clerk, City of Wichita, Kansas, *Appellants*.

(495 P. 2d 939)

Opinion filed April 8, 1972.

*H. E. Jones*, of Wichita, argued the cause, and *John Dekker*, of Wichita, was with him on the brief for the appellants.

*Thomas D. Kitch*, of Fleeson, Gooing, Coulson and Kitch, of Wichita, argued the cause, and *Paul R. Kitch* and *Gerrit H. Wormhoudt*, of the same firm were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is a declaratory judgment action brought to nullify an ordinance of the city of Wichita governing the issuance of franchises for cable television systems.

The case has been here before (*Community Antenna TV of Wichita, Inc. v. City of Wichita*, 205 Kan. 537, 471 P. 2d 360, 41 A. L. R. 3d 374), review of which is necessary for an understanding of its present posture.

After enactment of the subject ordinance (No. 28-882) four bidders applied for a franchise. Plaintiff did not apply. Grant of a franchise was made to "the highest bidder", as more particularly related in our prior opinion. Plaintiff, which proposed to operate a cable TV system in Wichita, then brought this action to have the ordinance declared null and void.

After full hearing the trial court ruled that the provisions of the ordinance requiring payment to the city of a percentage of the gross annual receipts of the grantee and requiring the furnishing, free of charge, of outside connections and services to all hospitals, municipal buildings and public and parochial schools within the city bore no reasonable relationship to the expense and inconvenience to be occasioned by the city. Additionally it concluded that the percentage payment requirement was purely a revenue measure. The court held both requirements void. It further ruled the ordinance was severable and that its other provisions were valid and it refused to enjoin enforcement of the remainder of the ordinance.

Plaintiff then brought the matter here. We sustained plaintiff's position and declared the entire ordinance void and unenforceable (*Community Antenna TV of Wichita, Inc. v. City of Wichita,* supra.) It should be noticed no appeal was taken from the trial court's ruling respecting the payment requirements and the ruling became final and the law of the case. We expressed agreement with that ruling (p. 543).

On August 24, 1970, pursuant to our mandate, the trial court entered an order declaring ordinance No. 28-882 void and unenforceable and permanently enjoining its enforcement.

Thereafter and on September 1, 1970, the city commission duly repealed ordinance No. 28-882. On September 8, 1970, the city commission placed on first reading another ordinance (unnumbered) governing the issuance of franchises for cable television. It is conceded that, with certain exceptions, this ordinance is virtually identical to No. 28-882. Exceptions which should be noticed at this point are: (1) The ordinance states it is enacted pursuant to the authority of K. S. A. 12-2001; (2) under the definition section the term "grantee" is stated to mean "AirCapital Cablevision, Inc.";　(3) the grantee obligates itself to pay to the city seven and one half per cent of its gross annual receipts; and (4) the provision in the old ordinance for the furnishing of free service and connection to all hospitals, schools and municipal buildings within the city is eliminated.

On September 15, 1970, the city commission placed the new proposed ordinance on second reading. On September 16, 1970, plaintiff filed its motion for citation for members of the city commission to show cause why they should not be found guilty of and punished for indirect contempt of court because of the proposed

enactment of the ordinance in question, which enactment was alleged to be violative of the injunctive order issued by the trial court pursuant to this court's mandate. Citation was issued and hearing was had upon the contempt proceeding on September 18, 1970. By order filed September 25, 1970, the trial court found the commission not guilty of contempt and dismissed the contempt proceeding. The reason for the trial court's dismissal order was not stated but, among other things, the city urged that the proceeding was prematurely brought because the ordinance had never been adopted. No appeal has been taken from that order.

Meanwhile, and on September 21, 1970, on its own motion, the trial court entered an amended journal entry of judgment pursuant to this court's mandate in the action directed against ordinance No. 28-882. The amended order declared that certain provisions of that ordinance were beyond the city's enactment authority. The order enumerated the particular items and enjoined the city from their enactment by ordinance. It may be noted the items are substantially the last ten of those mentioned by number in our first opinion (*Community Antenna TV of Wichita, Inc. v. City of Wichita,* supra, pp. 539-540).

On September 30, 1970, the city filed its motion to modify the September 21st order. The motion specifically requested a ruling that passage of the proposed new ordinance under the authority of K. S. A. 12-2001 would not be violative of the September 21st order.

On November 19, 1970, the trial court denied the city's motion to modify. The city has now appealed from this order and from the September 21, 1970, order as well.

Each side presents several contentions as to this appeal but in view of our disposition we will mention only one.

The city seeks approval of its proposed action by virtue of the franchising authority vested in it under K. S. A. 12-2001. It emphasizes particularly that portion of the statute added by amendment in 1949 which authorized the governing body of any city to grant to any person, firm, corporation or partnership the right to use the streets in the carrying on of any business which is not prohibited by law wherein said business is primarily conducted on the streets of any city, upon certain named conditions (compare Laws 1945, Ch. 98, § 1 and Laws 1949, Ch. 119, § 1). The city recognizes the adverse impact of *Manor Baking Co. v. City of Topeka,* 170 Kan. 292, 225 P. 2d 89, wherein this court broadly held that the statute

in question has application only to public utilities. The city urges either disapproval of that case or its distinguishability. We decline to do either.

Examination of the basis for our first holding in *Community Antenna TV of Wichita, Inc. v. City of Wichita*, supra, is in order. As stated in that opinion the trial court found as a fact the following:

" 'Community antenna television service is a commercial enterprise of non-public utility character.' " (p. 540.)

No issue as to this finding was raised and respecting it we said:

"Both parties have accepted and adopted the conclusion. We therefore accept the statement as conclusive in this particular case without consideration or determination of the question." (p. 541.)

Hence, as presented by the parties, we treated the operation of a cable TV system as a purely private enterprise and, relying on former decisions involving the exercise of the police power with respect to such activity, we concluded much of the challenged ordinance dealt excessively with the management of the internal affairs of a CATV system.

Events transpiring since that appeal was decided have led us to question the approach taken. At its recently adjourned session the 1972 Kansas legislature enacted Senate Bill No. 499 which became effective March 24, 1972. This enactment declared "The furnishing of cable television service by means of facilities in place in the public ways, streets and alleys is hereby declared to be a private business affected with such a public interest by reason of its use of the public ways, alleys and streets so as to require that it be reasonably regulated by cities." It further directed that "Each city shall supervise and regulate all cable television service businesses operating within its corporate limits so far as may be necessary to prevent such operation and service from having detrimental consequences to the public interest. . . ." The act authorizes cities to prescribe the payment of reasonable compensation in granting franchises for cable television service and it further states that such payments shall be generally in conformance with standards, if any, established by federal communications commission regulations or other applicable law (Laws 1972, Ch. 49).

Without in any way passing upon the validity of the application of this legislation we cannot overlook its signficance as a declaration of public policy—that the furnishing of cable television service by

the means specified is a *private business affected with a public interest* so as to require its reasonable regulation by cities in avoidance of possible detrimental consequences to the public interest.

Almost coincidental with this legislation the federal communications commission, after extended exploration, has, without completely preempting the field, significantly increased its area of regulation of cable television systems. It has promulgated new rules proposing the franchising by local authorities with minimum standards for the same to be prescribed by the commission prior to the latter's certification of a system's authority to broadcast. Its new rules became effective March 31, 1972 (see 37 Fed. Reg. 3252 [1972]).

These efforts at a viable dual state-federalism proclaim a public interest in the regulation of cable television systems which cannot be ignored. Agreeable to this sense, and because this proceeding remains one for declaratory judgment, we consider this an opportune time to acknowledge the present overbreadth of our prior holding, premised as it was on the proposition that cable television is a private business unaffected with a public interest (see also *Capitol Cable, Inc. v. City of Topeka,* 209 Kan. 152, 495 P. 2d 885).

We acknowledge that the trial court reached the right result in its first ruling and we recede from our position adopted upon the first appeal with respect to the matters there in issue.

Accordingly, we reverse the trial court's September 21, 1970, order which supplemented our mandate. In view of the new legislation and regulations promulgated on the entire subject, directions in connection with such reversal become inappropriate.

Judgments reversed.

APPROVED BY THE COURT.